# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM RIVERA-FONTANEZ,** | CASE NO. 1:23 CV 1830 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN HAROLD MAY,** | **MEMORANDUM OPINION AND** |
| Respondent. | **ORDER** |

*Pro se* Petitioner William Rivera-Fontanez is presently incarcerated at Marion Correctional Institution. On September 8, 2023, he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction in the Cuyahoga County Court of Common Pleas. *See* Doc. 1.[1]

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal

---

[1]. The Petition was received on September 21, 2023, but pursuant to the prison mailbox rule and Petitioner's declaration that he placed the Petition in the prison mailing system on September 8, 2023 (Doc. 1, at 9), the latter is the filing date. *See In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed") (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

construction generally afforded to *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must exhaust his state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted individual a full and fair opportunity to review his claims on the merits. *Manning*, 912 F.2d at 881 (citing, among other authorities, *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 302-03 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011) (internal citations and quotations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present a federal claim, a petitioner must present the state courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner indicates on the face of the petition that he did not appeal from the judgment of conviction. *See* Doc. 1, at 2. Petitioner states he filed a postconviction motion, which

was denied. It does not appear from the petition, however, that Petitioner appealed from this decision denying his request for postconviction relief. *Id.*

The Court finds Petitioner has not demonstrated he has properly and fully exhausted his available state court remedies. Although the period for filing a timely direct appeal has long since passed, petitioner may still file a motion for delayed direct appeal from the trial court's decision. *See* Ohio Appellate Rule 5(A). Because Petitioner has not yet properly presented his claims to the Ohio courts, and still has available to him an avenue by which to do so, he has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b), (c); *see also Marshall v. Richard*, 2015 WL 1825743, at *4 (S.D. Ohio) ("The Sixth Circuit has held that delayed direct appeal is an Ohio remedy which must be used in exhausting claims brought in habeas.") (citing *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970)), *report and recommendation adopted sub nom. Marshall v. Warden, Madison Corr. Inst.*, 2015 WL 2383622 (S.D. Ohio).

Because Petitioner has not given the state courts a fair opportunity to consider the merits of the claims presented in his petition, the Court must dismiss the petition for failure to exhaust.

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 cases; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE